# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RODNEY CHAIFEUY, <br><br> Plaintiff, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:21-cv-04292 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Rodney Chaifeuy ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of LexisNexis Risk Solutions Inc. ("LexisNexis" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 *et seq*., 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resides in the Northern District of Illinois.

5. Defendant LexisNexis maintains its principal place of business located at 1100 Alderman Drive, Alpharetta, Georgia 30005. LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports. LexisNexis disburses consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

6. Plaintiff takes great pride in his good name and established credit rating, so he works hard to ensure that his bills are paid in-full and on-time every month. As such, Plaintiff believes and understands that his credit rating with all of his creditors is excellent.

7. On March 15, 2021, Plaintiff sought to obtain a Paycheck Protection Program ("PPP") loan. Plaintiff submitted a credit application to U.S. Bank, and was told that his application was on hold because his credit score had dropped, as LexisNexis appeared to be reporting Plaintiff as "deceased" on his LexisNexis credit report ("subject account").

8. Plaintiff was shocked, puzzled, and upset because his prospective lender refused to move forward with the PPP loan despite knowing that Plaintiff is not deceased.

9. Plaintiff believed that such an erroneous problem could and would be easily remedied.

10. On April 2, 2021, Plaintiff immediately contacted LexisNexis to request that it clear up any errors they had made in its reporting to U.S. Bank. Specifically, Plaintiff requested LexisNexis to remove all indications that Plaintiff was deceased. LexisNexis ensured Plaintiff that it would correct and send him an updated report.

11. After waiting several months to ensure that any notation of Plaintiff being deceased had been removed or updated, Plaintiff tried accessing his LexisNexis consumer report.

12. Plaintiff discovered that LexisNexis was still reporting him as deceased in their database and continued to report this inaccurate and materially misleading information to third parties.

13. Plaintiff experienced tremendous stress and anxiety as a result of being denied loan opportunities because of the false reporting that he was deceased, but was determined to set the record straight.

14. Accordingly, Plaintiff sent a dispute letter to LexisNexis via certified mail, return-receipt requested.

15. Upon information and belief, LexisNexis received notice of Plaintiff's dispute letter and all relevant information from Plaintiff.

16. The reporting of the LexisNexis was inaccurate and creates a materially misleading impression that Plaintiff is "deceased" when in fact he is alive and well.[1]

17. Plaintiff was at a loss at how this could possibly be happening to him, given that LexisNexis knew that such information was obviously erroneous, and that it would seem to be very easy to correct such a blatant error.

18. Plaintiff believed that LexisNexis was not conducting any investigations into his disputes at all, nor cared whether or not they were reporting and disseminating false and highly damaging information about him.

19. LexisNexis clearly understands how harmful an erroneous label of "deceased" appearing on a consumer report can be for a consumer looking to be approved for a credit account.

---

[1] The furnishing sources identify "deceased" consumers by marking the "status" of such consumer's responsibility for any subject account with an "X" code in the ECOA field of an electronic data input format used in the credit reporting industry, known as Metro or Metro 2.

20. Plaintiff is left to question how and why he is supposed to prove that the LexisNexis reporting is incorrect, and why LexisNexis is allowed to get away with skirting their obligations under federal law to report only accurate information about him.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration and distress, and has rendered Plaintiff hopeless as to his ability to regain his good name and the credit rating that he deserves and has worked hard to earn.

22. Ultimately, Plaintiff has desired to take advantage of credit opportunities, most notably, the PPP loans from U.S. Bank, but has been unable to do so due to LexisNexis' failure to report only accurate information about Plaintiff.

23. As a result, Plaintiff has been denied PPP loan opportunities because of LexisNexis' false reporting of Plaintiff being "deceased."

24. In light of what has transpired, Plaintiff has justifiably avoided applying for additional credit until the inaccurate information is finally corrected on his credit report.

25. As of today, Plaintiff remains unable to obtain loan and financing opportunities because of the inaccurate credit data being reported by LexisNexis.

26. Absent litigation, Plaintiff believes he will forever be harmed by the lack of procedures LexisNexis has in place to assure the maximum possible accuracy of Plaintiff's consumer report.

### COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681*e*(b)

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. LexisNexis is a "consumer reporting agency" as defined by 15 U.S.C. §1681*a*(f).

29. LexisNexis is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

30. Moreover, Defendant is a consumer reporting agency as it regularly engages in whole or in part in the practice of assembling and evaluating Plaintiff's credit information and other personal identifying information on Plaintiff for the purpose of furnishing his consumer report to US Bank.

31. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d)(1).

32. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681$e$(b).

33. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

34. By deviating from the standards established by the credit reporting industry and the FCRA, LexisNexis acted with reckless disregard for its duties to report accurate and complete consumer credit information.

35. On numerous occasions, LexisNexis has prepared a patently false and materially misleading consumer report concerning Plaintiff.

36. Despite actual and implied knowledge that Plaintiff is not dead, LexisNexis readily sold such false reports to one or more third party, including US Bank, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

37. Once a "deceased" mark is placed upon a consumer's report, Defendant will not calculate and will not provide a credit score for that consumer.

38. Nevertheless, LexisNexis routinely sells to third parties credit reports for persons with a "deceased" mark on their reports with no credit score, despite a request by the purchaser of the report for a credit score for that consumer. LexisNexis did not calculate or provide any credit score

5

for or on Plaintiff, even though they sold credit reports about him to third parties marking him as "deceased."

39. LexisNexis has no independent procedures to limit or stop the furnishing of reports to third parties for consumers whom it has marked as "deceased" under any circumstances.

40. LexisNexis knows that the credit information and reports of truly deceased persons are used by criminals to commit identity theft or credit fraud. Undeniably, identity theft using the personal identifying information of deceased consumers is known to LexisNexis to be a common and major source of identity theft.

41. Defendant knows that identity theft and credit fraud are serious and widespread problems in our society.

42. LexisNexis violated 15 U.S.C. §1681*e*(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, LexisNexis has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

43. Through Plaintiff's communications with LexisNexis, LexisNexis knew, or had sufficient reason to know, that when it prepares and sells a consumer report about Plaintiff, the information it is circulating is extremely inaccurate and damaging to Plaintiff. Nevertheless, LexisNexis has taken no measures to prevent painting a false and damaging picture about Plaintiff.

44. Upon information and belief, LexisNexis has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

45. LexisNexis' pattern of refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages against LexisNexis, plus attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681*o* and 1681*n*.

46. As a result of the conduct, actions, and inaction of LexisNexis, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of credit denials.

47. Plaintiff remains unable to obtain a PPP loan because of the grossly inaccurate credit file maintained by LexisNexis.

**WHEREFORE**, Plaintiff, RODNEY CHAIFEUY, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion of all adverse credit reporting;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n* and 15 U.S.C. §1681*o*;
d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n*;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n*;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681*n*(3) and 15 U.S.C. §1681*o*(2); and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681*i*-§ 1681g

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. The FCRA mandates that a Credit Reporting Agency ("CRA") conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681*i*(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id.*

50. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681*i*(a)(5)(A).

51. Plaintiff provided LexisNexis with all relevant information and documentation in his request for investigation and reinvestigation to reflect that he is not in fact deceased.

52. LexisNexis prepared Plaintiff's consumer reports containing inaccurate and materially misleading information by reporting Plaintiff as deceased.

53. Plaintiff specifically advised LexisNexis that a mistake had been made, provided all necessary information to LexisNexis to support the same, and requested the trade line be corrected accordingly, *i.e.*, any references to Plaintiff being "deceased" be deleted.

54. LexisNexis violated 15 U.S.C. §1681*i*(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiff's credit files.

55. Had LexisNexis taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff was not deceased.

56. Instead, LexisNexis sent the Plaintiff a correspondence that it had reviewed its records to reflect correct information, at the same time it continued to willfully report and re-report the inaccurate information.

57. LexisNexis violated 15 U.S.C. §1681*i*(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

58. LexisNexis violated 15 U.S.C. §1681*i*(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

59. LexisNexis violated 15 U.S.C. §1681*i*(a)(5)(B) by reporting disputed information without certification that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

60. LexisNexis violated 15 U.S.C. §1681*g*(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his LexisNexis credit report as there was no score being listed and his credit report stated that his "report does not update."

61. Despite actual and implied knowledge that Plaintiff's credit file was erroneous, LexisNexis readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

62. Upon information and belief, LexisNexis has been sued on multiple occasions over the past ten (10) years for refusing to correct its patently false reporting of individuals as "deceased," despite being on notice that such individuals were alive.

63. Upon information and belief, LexisNexis has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files,

ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

64. As a result of the conduct, actions, and inaction of LexisNexis, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing a dispute letter, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of credit denials.

65. Plaintiff remains unable to obtain financing because of the grossly inaccurate credit file maintained by LexisNexis.

**WHEREFORE**, Plaintiff, RODNEY CHAIFEUY, respectfully prays this Honorable Court for the following relief:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Order the deletion of all adverse credit reporting;
   c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
   d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681*n*;
   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n* and 15 U.S.C. §1681*o*;
   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681*n* and 15 U.S.C. §1681*o*; and
   g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 11, 2021                                   Respectfully Submitted,

                                                        /s/ Marwan R. Daher
                                                        Marwan R. Daher
                                                        *Counsel for Plaintiff*
                                                        Sulaiman Law Group, LTD
                                                        2500 S. Highland Ave, Ste. 200
                                                        Lombard, IL 60148
                                                        Phone: (630)575-8181
                                                        Fax: (630)575-8188
                                                        mdaher@sulaimanlaw.com